KLEIN, Judge.
Appellant was convicted of grand theft as a result of $800 having been found missing from her drawer at the bank where she was employed as a teller. We reverse for a new trial because the court erred in admitting hearsay evidence.
Pursuant to the bank’s policy of auditing the drawer of a teller who is absent one day, the bank’s branch manager Cauley ordered operations manager Glynn to audit the drawer of the defendant, who had called in sick. The bank had a policy of dual control, requiring more than one person to audit the drawer, and Glynn and another employee, Hill, removed the drawer. According to Glynn, after the drawer was removed, Hill returned to what she was doing, and another employee, Fischer, helped Glynn audit the drawer.
Contrary to Glynn’s testimony, Hill testified that Fischer was not there when Glynn started counting the money. Defendant’s en *94 velope reflected that it should have contained $840 in $20 bills; however, Glynn testified that she and Fischer found only two $20 bills, leaving an $800 shortage.
Defendant put on evidence that there were ill feelings between Glynn and defendant, and it was defendant’s theory that Glynn audited the drawer alone, in violation of bank policy, and created the discrepancy charged to defendant.
Defendant relied on the testimony of Hill, who was no longer employed at the bank. It had come out in Hill’s testimony that defendant had called Hill after defendant was arrested. When Hill was asked whether defendant had asked Hill to testify on defendant’s behalf, Hill answered in the negative.
The State called Glynn to refute Hill’s testimony. Over defendant’s hearsay objection, the court allowed Glynn to testify that she had received a telephone call from Hill on the evening after defendant’s arrest, and that Hill told Glynn that defendant had called Hill and asked Hill to be a defense witness. According to Glynn, Hill had told defendant she did not remember what had happened.
Glynn then testified that she told Hill, “Well, that’s all you can say Pauline. I’m not going to tell you what you should say or what you should remember. I remember what my part was in it. If you don’t remember what your part is that’s all I can do.” Glynn made a written memorandum of the conversation and informed her branch manager of the conversation the next day.
In addition, and again over defendant’s hearsay objection, the court allowed the state to introduce into evidence Glynn’s written memorandum regarding Glynn’s conversation with Hill. According to that memorandum, Hill had said that defendant had asked Hill to testify that Glynn had balanced the drawer alone.
Both Glynn’s testimony as to what Hill told her, and Glynn’s written memorandum of that conversation, are classic examples of hearsay, as defined by section 90.801(l)(c), Florida Statutes (1993). The state has not cited any exception to the hearsay rule which would make either admissible. Allowing the evidence in also violated section 90.614(2), Florida Statutes (1993), prohibiting admission of prior inconsistent statements of a witness unless the witness is first “afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it-”
We reject appellant’s primary argument that the court should have directed a judgment of acquittal; however, this was a case of circumstantial evidence, and the hearsay testimony was not harmless. We therefore reverse and remand for a new trial.
GLICKSTEIN and STEVENSON, JJ., concur.